UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CELLMARK PAPER, INC.,

                            Plaintiff,

        -against-


NEW MEDIA PRINTING,

                          Defendant.
-------------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
CV 11-2178 (DRH)(ARL)

**LINDSAY, Magistrate Judge:**


This matter was referred to the undersigned for a determination of the damages to be awarded to the plaintiff on the entry of a default judgment. By order dated August 25, 2011, the undersigned directed the plaintiff to submit papers in support of its damages claim by October 14, 2011. The court also provided the defendant with an opportunity to submit papers in opposition to the amounts sought by October 28, 2011. The plaintiff has submitted a memorandum of law and the declaration of Dominick Merole in support of its damages claim. Despite being served with a copy of this court's August 25, 2011 order, the defendant has not submitted any papers in opposition to the motion for a default judgment or the damages sought by plaintiff. For the reasons set forth below, the undersigned recommends that plaintiff be awarded $694,903.02 in damages, and post judgment interest damages pursuant to 28 U.S.C. §1961.

**DISCUSSION**

The plaintiff, Cellmark Paper, Inc. ("Cellmark"), is in the business of selling paper products to the printing and paper industries. *See* Complaint at ¶¶ 1, 6. The defendant, New

Media Printing ("NMP"), was a customer of Cellmark from January 2003 through December 2010. *See* Merole Decl. ¶¶ 2-3. During that time period, NMP purchased various paper products from the Cellmark. *Id.* at ¶ 4. In the normal course of business, Cellmark rendered invoices and bills of lading for the amounts due and owing and proof of delivery would be signed at the time of delivery. *See* Complaint at ¶¶ 8, 9. At NMP's request, the paper was occasionally delivered to a third party warehouse for storage and monthly storage fees were reflected on the invoices. *See* Merole Decl. at ¶ 6. NMP always accepted the invoiced products without objection. *Id.* at ¶ 9.

Three times, NMP paid for goods with checks that bounced. *Id.* at ¶ 7. In response, Cellmark charged back NMP's account for $2,440.00, $2,695.16 and $2,689.69 in July 2009 and twice in April 2010. *Id.* Cellmark also extended credit to NMP. *See* Complaint at ¶ 7. By March 31, 2011, NMP accrued an outstanding balance of $694,553.02. *Id*. at ¶ 10. Cellmark demanded payment but notwithstanding repeated demands, NMP refused to pay its outstanding balance. *Id.* at ¶ 11; Merole Decl. at ¶ 7.

On April 29, 2011, Cellmark commenced this action for breach of contract, book account, promissory estoppel and unjust enrichment. Cellmark served NMP with the summons and complaint on May 17, 2011. NMP failed to answer or move. *See* Notation for Default.[1] Cellmark moved for a default judgement on July 11, 2011. On August 3, 2011, Judge Hurley entered a default judgment against NMP and referred the matter to the undersigned for a determination of the damages to be awarded.

---

[1] The Clerk of the Court certified NMP's default on June 20, 2011, however that certification was held in abeyance until Cellmark took action against the unidentified defendants "ABC Companies 1 - 10". *See* Order dated July 14, 2011, Hurley, U.S.D.J. On August 1, 2011, plaintiff filed a Notice of Voluntary Dismissal as to defendants ABC Companies 1 - 10. *See* Docket No. 7. Those parties were dismissed by order dated August 15, 2011.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the

complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). A default

also "effectively constitutes an admission that damages were proximately caused by the

defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a

claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. V. Lokshin*.

980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation

sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973

F.2d at 159. The amount of damages can be determined without a hearing as long as the court

satisfies itself, through review of documentary evidence or affidavits, that the amount is

reasonable. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111

(2d Cir 1997). Here, the documentary evidence submitted by the plaintiff provides the basis for

an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

"A successful plaintiff in a breach of contract action is entitled to damages in the 'amount

necessary to put the plaintiff in the same economic position he would have been in had the

defendant fulfilled his contract.'" *Scholastic, Inc. v. Snap TV, Inc.*, No. 09 Civ. 4349 (GBD)

(GWG), 2011 WL 1330246, at *3 (S.D.N.Y. Apr. 8, 2011) (quoting Indu Craft, Inc. v. Bank of

Baroda, 47 F.3d 490, 495 (2d Cir.1995)). Here, the evidence submitted by Cellmark supports the

determination it is entitled to damages in the amount of $694,553.02[2]. Copies of the invoices

issued by Cellmark to NMP are annexed as Ex. B to the Declaration of Dominick Merole, which

satisfies the court that plaintiff is owed $694,553.02.

Cellmark is also seeking costs in the amount of $656.32, consisting of a $350.00 filing

fee; a $129.00 service fee; a $156.29 fee for corporate searches; and a $21.03 cost for Federal

Express and postage fees. Although the plaintiff is entitled to recover these costs, plaintiff has

not provided any documentation in support of this request. Nonetheless, the court will take

judicial notice of the $350.00 filing fee in the Eastern District of New York and recommend an

award of costs in that amount.

In sum, based on the evidence submitted, the undersigned recommends that plaintiff be

awarded damages in the amount of $694,553.02 and costs incurred in the amount of $350.00

respectively, for a total award of $694,903.02, plus post judgment interest, to be calculated by the

Clerk of the Court pursuant to 28 U.S.C. §1961.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically filed on the date

below. Counsel for plaintiffs shall serve a copy of this Report and Recommendation on the

defendants by certified mail at their last-known addresses, return receipt requested, and to

electronically file proof of service with the Court. Any objections to this Report and

Recommendation must be filed with the Clerk of the Court with a courtesy copy to the

undersigned within 14 days of service. Failure to file objections within this period waives the

---

[2] The invoices submitted by Cellmark total $694,570.68. As the complaint only seeks $694,553.02, the court has adopted that amount.

right to appeal the District Court's Order.  *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Ferrerv.*

*Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008)*; Beverly v. Walker*, 118 F.3d 900, 902

(2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).


      Dated: Central Islip, New York
      February 13, 2011


                                    _____/s/_____
                                      ARLENE ROSARIO LINDSAY
                                      United States Magistrate Judge